FILED
United States Court of Appeals
Tenth Circuit

April 29, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ROBERT LEE TAYLOR,

  Petitioner - Appellant,

vs.

DAVID PARKER, Warden,[*]

  Respondent - Appellee.

No. 06-6262
(D.C. No. 5:05-CV-01132-F)
(W.D. Okla.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[**]

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Robert Lee Taylor, a state prisoner acting pro se, appeals from the district court's denial of his petition for habeas corpus. Because the district court denied Mr. Taylor's request for a certificate of appealability ("COA"), he seeks one from this court. Additionally, Mr. Taylor moves for leave to proceed *in forma pauperis* ("IFP"). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). Reviewing Mr.

---

 [*] Pursuant to Fed. R. App. P. 43(c)(2), we substitute the current Warden, David Parker (in the stead of the former Warden, Eric Franklin) as party respondent.

 [**] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th CIR. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Taylor's filings liberally,[1] we hold that no reasonable jurist could conclude that the district court's dismissal was incorrect. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we decline to issue a COA and dismiss his appeal.

## I. Background

Mr. Taylor was convicted by an Oklahoma trial court of committing lewd acts with a minor under sixteen and sentenced to thirty-five years in prison. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and sentence.

Mr. Taylor filed his habeas petition on September 27, 2005 reasserting the same six issues he raised on his direct appeal: that he was denied a fair trial by (1) the trial court's refusal to instruct the jury on voluntary intoxication, (2) the prosecutor's misconduct, (3) the trial court's failure to instruct on his eligibility for parole, (4) the prosecutor's improper questioning regarding his parole status, (5) the trial court's admission of other crimes evidence, and (6) the excessiveness of his sentence.

The district court assigned the matter to a magistrate judge who made findings and recommended that Mr. Taylor's habeas petition be dismissed. After reviewing Mr. Taylor's objections, the district court adopted the magistrate judge's findings and recommendation and dismissed the petition. The district court also refused to grant Mr. Taylor a COA.

---

[1]     Because Mr. Taylor is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

## II. Discussion

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs our review of Mr. Taylor's claims. A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007) (quoting 28 U.S.C. § 2253(c)(2)). Thus, a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quoting *Slack*, 529 U.S. at 484).

In making this determination, we incorporate the AEDPA's deferential treatment of state court decisions into our decision on whether to grant a COA, *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004), and "look to the District Court's application of the AEDPA to the petitioner's constitutional claims and ask whether that resolution was debatable among jurists of reason." *Miller-El*, 537 U.S. at 336. We undertake a "preliminary, though not definitive, consideration" of the legal framework applicable to each claim. *Id.* at 338. To be entitled to a COA, Mr. Taylor need not establish that he will succeed on appeal, but he must prove more than "the absence of frivolity or the existence of mere good faith." *Id.* (internal quotation marks omitted).

Applying these rules, we conclude that the district court's resolution of Mr.

3

Taylor's claims is not reasonably debatable and those claims are not deserving of further proceedings.

## B. Merits

### 1. Refusal to Instruct on the Defense of Voluntary Intoxication

Mr. Taylor first claims the state trial court improperly refused to instruct the jury on his defense of voluntary intoxication. However, he fails to cite Supreme Court precedent establishing a constitutional mandate for an intoxication instruction, and, in fact, Supreme Court precedent suggests that no such instruction is required. *See generally Montana v. Egelhoff*, 518 U.S. 37, 39-40 (1996) (Montana statute prohibiting consideration of voluntary intoxication in determining mental state as an element of a crime does not violate Due Process).

We therefore review the alleged error in the jury instructions in the context of the entire trial and only for the denial of fundamental fairness and due process. *Spears v. Mullin*, 343 F.3d 1215, 1243 (10th Cir. 2003) (citing *Henderson v. Kibbe*, 431 U.S. 145, 156-57 (1977) (pre-AEDPA). "[T]he burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because '[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of law.'" *Tyler v. Nelson*, 163 F.3d 1222, 1227 (10th Cir. 1999) (quoting *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir.1995)).

Here, reasonable jurists would not find the district court's assessment of Mr. Taylor's claim debatable or wrong. To determine whether the refusal to instruct on

voluntary intoxication rendered Mr. Taylor's trial fundamentally unfair, we examine relevant Oklahoma law. "Voluntary intoxication is a defense only to specific intent crimes and not to general intent crimes." *Fairchild v. State*, 998 P.2d 611, 618 (Okla. Crim. App. 1999). After analyzing the statutory language, the OCCA in this case determined that the crime of which Mr. Taylor was convicted is a general intent crime. The magistrate judge noted that the OCCA's decision of Oklahoma law is binding on a federal court. That conclusion is not subject to reasonable dispute. *See Chapman v. LeMaster*, 302 F.3d 1189, 1196 (10th Cir. 2002) ("On habeas review, . . . the [state] courts' interpretation of the state . . . statute is a matter of state law binding on this court.").

Because Mr. Taylor was charged with a general intent crime, voluntary intoxication was not a viable defense. Therefore, his trial could not have been rendered constitutionally deficient by the state trial court's refusal to instruct on voluntary intoxication. Mr. Taylor is not entitled to a COA on this issue.

### 2. Prosecutorial Misconduct

Mr. Taylor next argues that he was denied a fair trial when the prosecutor allegedly attacked defense counsel in closing argument and improperly appealed to the jury's sympathy for the victim. The OCCA rejected these arguments, determining that: (1) the prosecutor's comments did not personally attack defense counsel, but were instead based on the evidence and, while the tenor of some of the comments referring to defense counsel was perhaps ill-advised, no relief was warranted; and (2) any comments

5

regarding the victim were proper as they were based on the evidence and did not seek to elicit sympathy.

For prosecutorial misconduct to rise to the level of entitling petitioner to federal habeas relief, it must either have violated a specific constitutional right or "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). "This determination may be made only after considering all of the surrounding circumstances, including the strength of the state's case." *Malicoat v. Mullin*, 426 F.3d 1241, 1255 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 2356 (2006). Here, the magistrate judge reviewed the claim on the merits and, giving due deference to the prior state court decision under § 2254(d), concluded that even assuming the prosecutor's comments regarding defense counsel were inappropriate, the comments did not affect the outcome of the trial since the reference was brief, and the evidence overwhelmingly established Mr. Taylor's guilt. Additionally, the magistrate judge fully reviewed the OCCA's determination that the prosecutor's comments allegedly eliciting sympathy for the victim did not affect Mr. Taylor's right to a fair trial. The magistrate judge concluded that Mr. Taylor had failed to establish that the comments infected his trial with the level of unfairness necessary to obtain habeas relief.

Our own review of Mr. Taylor's submissions, the magistrate judge's report and recommendation, the district court's disposition, and the entire appellate record, reveals that he raises no issue meeting our standards for granting a COA. The prosecutor's comments did not so infect Mr. Taylor's trial with unfairness as to render the resulting

6

conviction a denial of due process. We do not believe that reasonable jurists "could debate whether (or, for that matter, agree that)" Mr. Taylor's claims "should have been resolved in a different manner or that [they] were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted). Consequently, we decline to grant Mr. Taylor a COA on this issue.

### 3. Refusal to Instruct on Oklahoma's Eighty-five Percent Rule

Mr. Taylor argues that he is entitled to habeas relief because the state court did not instruct the jury that Oklahoma law requires him to serve eighty-five percent of any sentence imposed before being eligible for parole (the "eighty-five percent Rule"). The magistrate judge recommended that his claim be denied because the OCCA's determination that the trial court did not err was not contrary to or an unreasonable application of established Supreme Court precedent and did not render Mr. Taylor's trial fundamentally unfair.

Notably, the Supreme Court has not held that the Constitution requires the jury to be informed of a defendant's parole eligibility in a non-capital case. Indeed, the Court has only held that the Constitution requires such information to be provided to a jury in a limited set of capital cases. *See, e.g., Simmons v. South Carolina*, 512 U.S. 154 (1994) (capital case, holding that the jury must be informed of parole eligibility when: (1) the defendant, if sentenced to life, will never become legally eligible for parole; and (2) the prosecution argues that the defendant presents a future danger). We are convinced that the refusal to instruct on the eighty-five percent Rule did not render Mr. Taylor's trial so

7

fundamentally unfair as to cause a denial of a fair trial in a constitutional sense. *See, e.g., Jones v. Mullin*, 175 Fed. App'x 967, 968 (10th Cir. 2006) (unpublished) (in non-capital case, rejecting petitioner's contention that "he is entitled to re-sentencing because due process demands that a jury be informed that Oklahoma's parole eligibility requirements effectively require him to serve such a large portion of his sentence that there is no possibility of parole during his natural life").

We therefore conclude that Mr. Taylor does not make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He is not entitled to a COA on this claim.

### 4. Evidentiary Rulings

Mr. Taylor contends that he was prejudiced when the prosecutor mentioned his probationary status to the jury and when evidence of other crimes was introduced to the jury. The OCCA rejected both contentions holding that, if any error occurred, Mr. Taylor failed to establish that he was prejudiced since the state court sustained contemporaneous objections which cured any error.

On collateral review, we give considerable deference to state court evidentiary rulings and "may not provide habeas relief . . . unless [those rulings] rendered the trial so fundamentally unfair that a denial of constitutional rights results." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002). The magistrate court determined that the OCCA decision on these claims was neither an unreasonable determination of the facts nor an unreasonable application of Supreme Court law. We agree. The state court's findings

8

were not so arbitrary and capricious as to constitute an independent due process violation. *Fields v. Gibson*, 277 F.3d 1203, 1220 (10th Cir. 2002) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Because Mr. Taylor presents no evidence that the admission of this evidence rendered his trial fundamentally unfair, he is not entitled to a COA on these claims.

### 5. Excessiveness of the Sentence

Finally, Mr. Taylor argues that his thirty-five year sentence was excessive. "We afford wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Indeed, our review generally ends "once we determine the sentence is within the limitation set by statute." *Id*.

As the magistrate judge noted, because Mr. Taylor had been previously convicted of more than two felonies he was subject to a minimum of twenty years in prison. *See* OKLA. STAT. tit. 21, § 51.1.B. The crime of a lewd act with a child under sixteen is a felony which carries a presumptive sentencing range of one to twenty years. *See* OKLA. STAT. tit. 21, § 1123. The jury suggested, and the state court adopted, a thirty-five year sentence. This sentence is within the limitations of Oklahoma law. We, therefore, discern no basis for relief.

### II. Conclusion

Accordingly, because Mr. Taylor has failed to make a substantial showing of the

denial of a constitutional right, we **DENY** his petition for a COA and **DISMISS** the appeal.  Mr. Taylor's  motion to proceed IFP is **GRANTED**.

Entered for the Court,


Jerome A. Holmes
Circuit Judge