FILED
United States Court of Appeals
Tenth Circuit

May 18, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GISELLE GUTIERREZ-RUIZ,

      Petitioner - Appellant,

v.

TRAVIS TRANI, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents - Appellees.

No. 09-1565
(D. Ct. No. 1:09-CV-02026-ZLW
(D. Colo)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **BRISCOE,** Chief Circuit Judge, **TACHA,** and **O'BRIEN,** Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Giselle Gutierrez-Ruiz, a Colorado state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal from the dismissal of his habeas petition

brought pursuant to 28 U.S.C. § 2254. The district court dismissed the petition as

untimely. We take jurisdiction under 28 U.S.C. § 1291, DENY Mr. Gutierrez-Ruiz's

request for a COA, and DISMISS this appeal.

# I. BACKGROUND

On July 10, 1998, a jury found Mr. Gutierrez-Ruiz guilty of first-degree murder and first-degree assault. He was sentenced to life without parole for the murder conviction and to ten years and one day for the assault conviction. The Colorado Court of Appeals affirmed his convictions and sentences on direct appeal on February 22, 2001, and the Colorado Supreme Court denied review on August 21, 2001. He did not file a petition for certiorari with the United States Supreme Court. In 2006, Mr. Gutierrez-Ruiz filed the first of several state post-conviction motions. After they were denied, he filed this § 2254 petition in federal district court on August 19, 2009.

The district court dismissed the petition as barred by the one-year limitations period governing § 2254 claims. *See* 28 U.S.C. § 2244(d)(1). The court further concluded that none of Mr. Gutierrez-Ruiz's state post-conviction motions tolled the limitations period and that he had not demonstrated that he was entitled to equitable tolling. Finally, the district court denied his application for a COA. Mr. Gutierrez-Ruiz now seeks a COA from this court.

# II. DISCUSSION

A state petitioner may not appeal from the denial of a § 2254 petition without first obtaining a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When, as is the case here, the district court denies the petition on procedural grounds, we will issue a COA only if the petitioner demonstrates "that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We conclude that the district court was clearly correct in its procedural ruling that Mr. Gutierrez-Ruiz's petition is untimely.

A one-year statute of limitations governs § 2254 petitions. 28 U.S.C. § 2244(d)(1). In general, the period begins to run on the date that the petitioner's conviction and sentence "bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Here, the Colorado Court of Appeals affirmed Mr. Gutierrez-Ruiz's convictions and sentences in February 2001, and the Colorado Supreme Court denied review on August 21, 2001. He had then had ninety days (i.e., until approximately November 19, 2001) to petition the United States Supreme Court for review, after which his convictions and sentences became final for purposes of § 2244(d)(1)(A). *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Thus, Mr. Gutierrez-Ruiz's § 2254 petition, which was not filed until 2009, was clearly filed beyond § 2244(d)(1)'s one-year limitations period.

In support of his argument that his petition is timely, Mr. Gutierrez-Ruiz contends that the only available law books within the Colorado Department of Corrections are written in English but that he does not speak English and has not been given an interpreter. He explains that although the state of Colorado provided him with an interpreter throughout his trial and that his trial and appellate counsel communicated with

- 3 -

him in Spanish, his counsel never informed him of the § 2254 statute of limitations and the state has not made further efforts to assist him during federal habeas proceedings. Finally, he states that under Colo. Rev. Stat. § 17-32-105(3)(b)(I), inmates are required to attend a course called English as a Second Language, but inmates who are serving life sentences are excluded from taking the course.

Under 28 U.S.C. § 2244(d)(1)(B), the one-year statute of limitations does not begin to run, notwithstanding the finality of the petitioner's conviction, when the state has imposed an impediment to filing the § 2254 petition in violation of the constitution or federal law. We disagree with Mr. Gutierrez-Ruiz that the state has imposed such an impediment in this case because, as we have held, "the Colorado Department of Corrections is under no duty to provide access to legal materials in a prisoner's preferred language." *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Moreover, we do not read § 17-32-105(3)(b)(I) as prohibiting an inmate from taking English-language classes; it simply excuses otherwise mandatory attendance for those inmates who are serving life sentences and who would rather not participate in such classes. Finally, to the extent that Mr. Gutierrez-Ruiz suggests that the state denied him counsel to inform him of the § 2254 statute of limitations and/or assist him in preparing a § 2254 petition, we disagree because there is no constitutional or federal right to counsel in post-conviction proceedings. *See id.* at 926 n.2.

Mr. Gutierrez-Ruiz also argues that his language difficulties provide a basis for equitably tolling the one-year time period. Equitable tolling may be proper in "rare and

exceptional circumstances." *See Coppage v. McKune*, 534 F.3d 1279, 1280 (10th Cir. 2008) (quotations omitted). We have held, however, that a petitioner's lack of proficiency in the English language, in conjunction with a lack of access to legal materials in his first language and a translator, are not extraordinary circumstances that warrant equitable tolling. *See Yang*, 525 F.3d at 927, 930.

## III.  CONCLUSION

Mr. Gutierrez-Ruiz's request for a COA is DENIED and this appeal is DISMISSED. We GRANT his request to proceed in forma pauperis on appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge