**UNITED STATES COURT OF APPEALS**

July 24, 2008

**TENTH CIRCUIT**

RONNELL G. COPPAGE,

      Petitioner - Appellant,

v.

DAVID R. McKUNE, Warden,
Lansing Correctional Facility;
STEPHEN SIX[1], Attorney General,
State of Kansas,

      Respondents - Appellees.

No. 08-3069

(D. Kansas)

(D.C. No. 5:07-CV-03024-SAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

The district court dismissed as untimely the application under 28 U.S.C.

§ 2254 of Ronnell G. Coppage. Mr. Coppage does not contest that he failed to

file his application within the statutory limitations period but claims entitlement

to equitable tolling because of delayed notice by the Kansas Supreme Court of its

denial of his second motion for postconviction relief. Because no reasonable

jurist could debate the district court's denial of equitable tolling, we deny a

---

[1]Stephen Six has been substituted for Paul Morrison per Fed. R. App. P.
43(c)(2).

certificate of appealability (COA), *see* 28 U.S.C. § 2253(c) (requiring COA to appeal dismissal of claim under § 2254), and dismiss the appeal.

Mr. Coppage was convicted on June 4, 1997, by a Kansas state-court jury of (1) attempted first-degree murder, (2) criminal damage to property, and (3) criminal possession of a firearm. The Kansas Court of Appeals affirmed the convictions, and on September 28, 1999, the Kansas Supreme Court denied review. On August 22, 2000, Mr. Coppage filed a motion for postconviction relief, which a Kansas state district court denied on February 9, 2001; the court of appeals affirmed, and on April 29, 2003, the Kansas Supreme Court denied review. Mr. Coppage filed a second motion for postconviction relief in state court on June 24, 2003. The state district court denied this motion on January 28, 2004; the court of appeals affirmed; and the Kansas Supreme Court denied review on November 8, 2006. Twelve weeks later, on January 31, 2007, Mr. Coppage filed in the United States District Court for the District of Kansas his pro se application for habeas relief under § 2254.

The relevant portion of the Antiterrorism and Effective Death Penalty Act requires a habeas application from a prisoner in state custody to be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period, however, is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral

-2-

review with respect to the pertinent judgment or claim is pending . . . ." *Id.*

§2244(d)(2). In addition, equitable tolling of the one-year period may be granted, but only in "rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

The government moved to dismiss Mr. Coppage's application as time-barred under § 2244(d)(1). It computed that the one-year limitations period began on December 27, 1999, upon expiration of the 90-day period for Mr. Coppage to seek review in the United States Supreme Court of the Kansas Supreme Court's affirmance of his convictions on direct review. Before he filed his first postconviction motion, 238 days had elapsed. Another 56 days elapsed between the state supreme court's decision on that motion and Mr. Coppage's filing his second state postconviction motion. Accordingly, he had 71 days to file a § 2254 application after the Kansas Supreme Court denied review on November 8, 2006, with respect to his second motion. That period expired on January 18, 2007, thirteen days before he filed his § 2254 application.

In response to the government's motion, Mr. Coppage conceded that his application was late, but argued for equitable tolling from November 8, 2006 (when the Kansas Supreme Court denied review of his second motion) to November 29 (when he received notice of the denial). He attached a letter dated October 30, 2006, from the clerk of the state supreme court, which stated that the court had not yet acted on his petition for review and would not act before the

-3-

court conferred on December 4. On February 20, 2008, the district court determined that Mr. Coppage had not sustained his burden of establishing that equitable tolling should apply and dismissed the application as untimely. Mr. Coppage now seeks a COA to appeal that denial.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Mr. Coppage acknowledges that his § 2254 application was untimely under § 2244, but contends that the limitations period should be equitably tolled because

he was not promptly informed of the Kansas Supreme Court's denial of his second motion for postconviction relief. After the Kansas Supreme Court denied review on November 8, 2006, his § 2254 application was due in federal district court by January 18, 2007. He claims, however, that he was not informed of the court's decision until November 29, when he received a notification letter from his attorney. According to Mr. Coppage, he is entitled to equitable tolling because he diligently pursued his claim and filed an untimely application only because of circumstances beyond his control. *See United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) ("Equitable tolling of the limitations period is available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." (internal quotation marks omitted)).

We agree with the district court that Mr. Coppage's circumstances are not "rare and exceptional." *York*, 314 F.3d at 527. Compare the facts in *Gabaldon*. Prison officials placed Gabaldon in segregation and confiscated all his legal materials (including a draft § 2255 motion and brief) "just six weeks before the expiration of the limitations period and held them until two weeks after that period expired." 522 F.3d at 1124. Mr. Coppage was not similarly precluded from filing a timely application. Although the misleading letter from the Kansas Supreme Court's clerk would have excused him from checking the status of his case until early December, he nevertheless received notice in ample time. After

-5-

receiving the letter from his lawyer, he still had 50 days before the limitations period expired. Even with limited access to a prison law library, he could raise only issues previously submitted in state court, so much of the research would already have been done.

Mr. Coppage raises additional arguments in favor of equitable tolling, but we decline to address them because they were not presented to the district court in response to the government's motion to dismiss. *See Parker v. Scott*, 394 F.3d 1302, 1309 n.1 (10th Cir. 2005) (we need not address arguments not raised in district court).

We DENY a COA and dismiss the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge