**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RUBEN TRUJILLO,

       Petitioner-Appellant,

v.

JAMES JANECKA, Warden;
JOE WILLIAMS, Secretary of
Corrections,

       Respondents-Appellees.

No. 07-2116
(D.C. No. CV-06-147-MV/WPL)
(D. N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BALDOCK**, **BRORBY**, and **EBEL**, Circuit Judges.[**]

---

Ruben Trujillo, a state prisoner appearing pro se, seeks a certificate of

appealability (COA) to appeal from the district court's order denying his

28 U.S.C. § 2241 habeas corpus petition. *See Montez v. McKinna*, 208 F.3d 862,

867 (10th Cir. 2000) (holding that a state prisoner may not appeal from a final

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]    After examining the application for a certificate of appealability and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this matter. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

order in a § 2241 habeas corpus proceeding unless he first obtains a COA). We deny the request for a COA and dismiss the appeal.

<u>Background</u>

Mr. Trujillo was convicted by a jury of four counts of first-degree criminal sexual penetration and five counts of criminal sexual contact of a minor. He was sentenced to thirty years in prison in 1994. According to Mr. Trujillo, he earned good time credits[1] throughout his incarceration until 2005. In that year, prison officials recommended him for the Community Reintegration Program (CRU), which is a treatment program for sex offenders. Mr. Trujillo refused to participate in the program. As a result of his refusal, his eligibility for good time credits was terminated.

Mr. Trujillo filed a state petition for habeas corpus challenging the termination of his eligibility for good time credits. That petition was summarily denied by the state court, and his petition for a writ of certiorari was denied by the state supreme court. He then filed a 28 U.S.C. § 2241 habeas corpus petition. His § 2241 petition presented fifteen claims for review, but his main claim was that his due process rights were violated when prison officials terminated his eligibility to earn good time credits.

---

[1] Although the record reflects that the parties use the terms "good time" or "good time credits," the applicable statute uses the term "meritorious deductions." *See* N.M. Stat. Ann. § 33-2-34. For ease of discussion, we will use the term "good time credits."

In the proposed findings and recommended disposition, the magistrate judge separated the claims into those that were properly brought in a § 2241 petition and those that needed to be brought in a 42 U.S.C. § 1983 action. He addressed the eight § 2241 claims[2] on the merits and recommended that Mr. Trujillo's petition be denied and that the claims be dismissed with prejudice. The magistrate judge dismissed without prejudice the other seven claims on the ground that they needed to be brought in a § 1983 action. Mr. Trujillo did not object to the magistrate judge's recommended dismissal of his § 1983-type claims, but he filed an objection to the recommended dismissal of his § 2241 claims.

The district court considered the objections, adopted the magistrate judge's proposed findings and recommended disposition, and denied the habeas petition.

_____

[2] The eight claims are: (1) "Did prison officials violate [Mr. Trujillo's] right to due process by terminating his eligibility for good-time credits?" (2) "Does [Mr. Trujillo] have a protected liberty interest in receiving good-time credits?" (3) "Was [Mr. Trujillo] denied due process during the classification appeals?" (4) "Did prison officials have authority to place [Mr. Trujillo] in a mental-health unit without a court order adjudicating him mentally ill?" (5) "Did prison officials have authority to deprive him of good-time credits because he refused to voluntarily sign-up for the CRU?" (6) "Did prison officials deprive [Mr. Trujillo] of due process on appeal by refusing to provide him with a copy of an alleged directive that allowed them to terminate his good-time credits?" (7) "Are the CRU policies constitutional, given that mental health programs are generally administered by request of the individual or judicial commitment?" and (8) "Should this Court compel prison officials to preserve a recording of another inmate's disciplinary hearing at which there was testimony regarding CRU policy because it would show that CRU policy is not being applied equally?" R. Doc. 20 at 3-5.

Mr. Trujillo filed a request for a COA in district court. Because the district court did not act on the issue of COA, it was deemed denied. *See* 10th Cir. R. 22.1(C). Mr. Trujillo now seeks a COA from this court.

Discussion

In order to receive a COA, Mr. Trujillo must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He admits in his COA application that it is difficult for his case to meet this standard. *See* COA App. at 2. He argues, however, that the district court "erroneously decided" the facts and committed legal error by not considering relevant precedent. *Id*. at 3. Citing to *Brooks v. Shanks*, 885 P.2d 637, 641 (N.M. 1994), Mr. Trujillo argues that his eligibility for good time credits should not have been terminated because he had not been charged with a major conduct violation. We decline to consider this argument because Mr. Trujillo did not raise it in the district court. *See Coppage v. McKune*, 534 F.3d 1279, 1282 (10th Cir. 2008).

We have reviewed the request for COA, the record, the magistrate judge's proposed findings and disposition, the district court's order, and the applicable law. We conclude that Mr. Trujillo has failed to meet the standard for issuance of a COA. Accordingly, for substantially the same reasons stated in the district court's order entered March 27, 2007, which adopts the magistrate judge's

proposed findings and disposition, we DENY the request for a COA and DISMISS the appeal.

Entered for the Court

Wade Brorby
Circuit Judge