FILED
United States Court of Appeals
Tenth Circuit

August 4, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES R. DUCOIN,

       Petitioner - Appellant,

v.

STEVE HARTLEY, Warden, Limon
Correctional Facility; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

       Respondents - Appellees.

No. 09-1016
(D.C. No. 07-cv-227-CMA-MEH)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant James R. Ducoin, a state prisoner appearing pro se, seeks a

certificate of appealability ("COA") under 28 U.S.C. § 2253(c)(1)(A) to challenge the

federal district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C. §

---

[*]      This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1. After examining the appellate record, Petitioner's application for a
certificate of appealability, and other filings, this three-judge panel has
determined unanimously that oral argument would not be of material assistance in
the determination of this matter. *See* Fed. R. App. P. 34(a). The case is therefore
ordered submitted without oral argument.

2254.  In his habeas petition, Mr. Ducoin raised claims of ineffective assistance of counsel.  Mr. Ducoin also has filed a motion to proceed in this court in forma pauperis ("IFP").  Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a).  Affording solicitous consideration to Mr. Ducoin's pro se filings, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we hold that no reasonable jurist could conclude that the district court's denial was incorrect.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, we **DENY** Mr. Ducoin's application for a COA and **DISMISS** his appeal.  We **GRANT** Mr. Ducoin's IFP request.

## BACKGROUND

In 1979, Kathryn Simpson was murdered in Colorado.  Mr. Ducoin was a suspect for the murder.  Mr. Ducoin had been recently released from prison.  He was living next door to Ms. Simpson with his parents.  Evidence was found linking Mr. Ducoin to the murder scene.  Days after the murder, Mr. Ducoin stayed at a nearby hotel under a false name.  Mr. Ducoin subsequently fled Colorado and remained a fugitive until his arrest.

Federal agents arrested Mr. Ducoin in New Orleans on Friday, March 8, 1991.  At the time of Mr. Ducoin's arrest there was no valid, outstanding federal arrest warrant for Mr. Ducoin.  Mr. Ducoin waived his *Miranda* rights and was interrogated the next morning (i.e. Saturday).  The Colorado Springs Police Department ("CSPD") conducted the interrogation at the FBI's New Orleans office.  Approximately twenty hours after his arrest, Mr. Ducoin confessed to the murder of Ms. Simpson and stated that he had been hiding from authorities since 1979.  On Monday morning, a federal arrest warrant was

issued for Mr. Ducoin for unlawful flight to avoid prosecution. On Monday afternoon, more than forty-eight hours after his arrest, Mr. Ducoin appeared in federal court in New Orleans and was informed that he was arrested pursuant to a federal warrant based on a probation violation. However, the federal probation warrant had previously been cancelled, and the probation case dismissed.

Mr. Ducoin was then extradited to Colorado and charged with first degree after-deliberation murder, felony murder, aggravated robbery, first degree burglary, second degree burglary, and five crime-of-violence counts for the slaying of Ms. Simpson in 1979. The prosecution also threatened to file habitual charges if Mr. Ducoin did not plead guilty. Mr. Ducoin pleaded guilty to felony murder, and the remaining counts were dismissed. He was sentenced to life in prison with parole eligibility after twenty years.

Alleging ineffective assistance of counsel, Mr. Ducoin filed a motion for state postconviction relief. His counsel testified at an evidentiary hearing that, through investigation, they discovered that when Mr. Ducoin was arrested there was no valid federal arrest warrant. However, there was an active state murder warrant. Mr. Ducoin's counsel further testified that they informed Mr. Ducoin that there were possible motions to file regarding his arrest. Mr. Ducoin's counsel noted that Mr. Ducoin informed them that he wanted to get the best deal and, more specifically, wanted a plea bargain that would allow him to avoid consecutive sentences. Mr. Ducoin's counsel further stated that, because Mr. Ducoin wanted to get the case over with and serve his time, Mr. Ducoin waived his preliminary hearing.

The state trial court denied relief and the Colorado Court of Appeals ("CCA") eventually affirmed the state trial court's denial of postconviction relief. The Colorado Supreme Court denied Mr. Ducoin's petition for writ of certiorari. Mr. Ducoin timely sought § 2254 habeas relief, which the district court denied, after adopting the reasoning of the magistrate judge's Recommendation of Dismissal. The district court further denied Mr. Ducoin's application for a COA and his motion seeking leave to proceed IFP on appeal. Mr. Ducoin now renews his request for a COA and his motion to proceed IFP.

## STANDARD OF REVIEW

The denial of a petition for federal habeas relief under § 2254 can be appealed only if a COA is issued. 28 U.S.C. § 2253(c)(1)(A). "This is a jurisdictional prerequisite . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see* Fed. R. App. P. 22(b)(1). A COA may not issue under § 2253(c)(1) unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted); *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). Our inquiry requires a "preliminary, though not definitive, consideration of the [legal] framework." *Miller-El*, 537 U.S. at 338. A prisoner seeking a COA need not demonstrate his or her appeal will succeed to be entitled to a COA; however, he must "prove something more than the absence of frivolity or the existence of mere good

-4-

faith." *Id.* (internal quotation marks omitted).

## DISCUSSION

Mr. Ducoin seeks a COA to challenge the federal district court's denial of his habeas corpus petition. He raises the same claims he made in his habeas petition before the federal district court. Mr. Ducoin presented two claims of ineffective assistance of counsel. First, he claimed that his counsel failed to investigate his arrest and confession. He contended that proper investigation by his counsel would have revealed that his arrest was not based on an active warrant and that he was not brought before the court within a reasonable period of time,[1] which should have resulted in the suppression of his confession. Secondly, he claimed that his counsel failed to investigate and discover that Mr. Ducoin's robbery and burglary counts were barred by the statute of limitations and improperly advised Mr. Ducoin that he could be subject to habitual criminal counts.

Because the CCA addressed these claims on the merits in affirming the denial of post-conviction relief, the district court applied the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA , if a claim already has been adjudicated on the merits in state court proceedings, a petitioner is entitled to federal habeas relief only if he can establish that the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an

---

[1] A delay in the presentment of an arrested individual for a judicial determination of probable cause beyond forty-eight hours is unreasonable, unless the government can "demonstrate the existence of a bona fide emergency or other extraordinary circumstances." *County of Riverside v. McLaughlin*, 500 U.S. 44, 56-57 (1991).

-5-

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "Subsection (d)(1) governs claims of legal error while subsection (d)(2) governs claims of factual error." *House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 1345 (2009).

The Supreme Court's decision *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. Under *Strickland*, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. *Strickland*, 466 U.S. at 687; *Sandoval v. Ulibarri*, 548 F.3d 902, 909 (10th Cir. 2008) ("Under *Strickland*, [a defendant] must show that counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms, and . . . that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance."), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Apr. 27, 2009) (No. 08-10772). In the context of a plea agreement, prejudice must be established by showing a reasonable probability that, but for counsel's deficient performance, the defendant would not have accepted the plea offer and would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The district court concluded that the CCA's decision, in rejecting Mr. Ducoin's ineffective assistance of counsel claim, was neither contrary to nor an unreasonable

-6-

application of "clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1); nor was it based on an "unreasonable determination of the facts in light of the evidence presented," *id.* § 2254(d)(2).  More specifically, the district court adopted the thorough reasoning of the magistrate judge in reaching that determination. The magistrate judge found that Mr. Ducoin failed to show that, had his counsel investigated his arrest and confession and filed a motion to suppress his confession, that there was a reasonable probability that he would not have accepted the plea agreement and would have proceeded to trial.  The magistrate judge noted that

> [p]lea counsel's failure to file a motion to suppress the confession did not prejudice Petitioner, because Petitioner has not established that his confession within the 48-hour window would be suppressed or that he would have insisted on going to trial, in light of his decision to waive the preliminary hearing and his statements that he just wanted to get it over with and get the best plea possible. Moreover, there is ample evidence of probable cause to conclude that a challenge to Petitioner's arrest is not meritorious.

R., Vol. I, Doc. 22, at 11 (Recommendation for Dismissal, dated Feb. 15, 2008).  As to Mr. Ducoin's second claim, the magistrate judge noted that Mr. Ducoin failed to argue that he would have rejected the plea agreement and proceeded to trial if his counsel had been aware that his burglary and robbery counts were barred by the statute of limitations and properly advised him that he was not subject to habitual criminal counts.  *Id.* at 12-13.  Furthermore, the magistrate judge found that, "when viewed in the light of Petitioner's insistence that he get the best deal possible as quickly as possible," Mr. Ducoin failed to show why the CCA's decision failed the deferential AEDPA standard of

review. *Id.* at 13.

After examining the record on appeal, Mr. Ducoin's COA application, and other filings, we have determined that district court's reasoning and conclusion are sound. More specifically, no reasonable jurist could debate whether the district court properly resolved Mr. Ducoin's petition for habeas relief. *See Slack*, 529 U.S. at 484. Therefore, Mr. Ducoin has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the reasons set forth above, we **DENY** Mr. Ducoin's application for a COA and **DISMISS** his appeal. Mr. Ducoin's motion to proceed in forma pauperis is **GRANTED** .

Entered for the Court

Jerome A. Holmes
Circuit Judge