FILED
United States Court of Appeals
Tenth Circuit

August 18, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee.

v.

STANLEY L. WADE,

  Defendant - Appellant.

No. 09-4063
(D.C. Nos. 2:08-CV-741-TS and
2:04-CR-141-TS)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Petitioner-Appellant Stanley L. Wade seeks to appeal from the district court's

denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.

§ 2255.  Mr. Wade claims that the district court exceeded its jurisdiction by sentencing

him based on facts that were not found by the jury.  He also claims that his attorney

provided ineffective assistance of counsel.  The district court denied all of Mr. Wade's

---

[*]     This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.  After examining the appellate record, Petitioner's application for a
certificate of appealability, and other filings, this three-judge panel has
determined unanimously that oral argument would not be of material assistance in
the determination of this matter.  *See* Fed. R. App. P. 34(a).  The case is therefore
ordered submitted without oral argument.

claims on the merits. Affording solicitous construction to Mr. Wade's pro se filings, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we find that no reasonable jurist could conclude that the district court's ruling was in error. We therefore deny his request for a certificate of appealability (COA) and dismiss his appeal.

## BACKGROUND

Mr. Wade was convicted by a jury on seven counts related to tax evasion and bankruptcy fraud. He was sentenced to 100 months' imprisonment followed by three years of supervised release. He was also assessed a fine of $125,000. A previous panel of this court affirmed Mr. Wade's conviction and sentence. *See United States v. Wade*, 203 F. App'x 920 (10th Cir. 2006), *cert. denied*, 128 S. Ct. 532 (2007).

Mr. Wade then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He claimed that the district court impermissibly based his sentence on factual findings that were not made by the jury—a claim that he also had raised on direct appeal. He further claimed that he received ineffective assistance of counsel. First, Mr. Wade claims that counsel's efforts to challenge the admissibility of a letter written by Mr. Wade's attorney (the "Black letter") were insufficient. Second, he claims that counsel failed to object to the jury instruction on willfulness. *See Cheek v. United States*, 498 U.S. 192 (1991). Third, Mr. Wade claims that counsel should have argued that Count V of the indictment was "preposterous" and "proven false in the indictment itself." Application for COA, Attach. at 9-10 (filed June 8, 2009). The district court denied the motion in a thorough, well reasoned decision. R., Vol. I, Doc. 13 (Mem. Decision &

Order, filed Feb. 18, 2009). Mr. Wade has now filed both an application for COA and a brief on the merits.

## DISCUSSION

A COA is a jurisdictional prerequisite to an appeal from the denial of a § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253(c)(1)(B). We may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted); *see Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008).

Mr. Wade's first argument—that any facts affecting his sentence must be found by a jury—is entirely without merit. In fact, we rejected this argument on direct appeal. As we explained then, after *United States v. Booker*, 543 U.S. 220 (2005), "judicial factfinding is entirely permissible as long as the guidelines are not applied as mandatory." *Wade*, 203 F. App'x at 936 (citing *United States v. Visinaiz*, 428 F.3d 1300, 1316 (10th Cir. 2005)). The district court was correct to reject this claim, *inter alia*, because we had previously rebuffed it on direct appeal. *See*, *e.g.*, *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) ("As to Defendant's remaining issues . . . we have previously considered and disposed of these issues on direct appeal. Therefore, Defendant may not raise these issues under § 2255." (citations omitted)). No reasonable jurist would debate the propriety of this resolution.

The district court was also correct to deny Mr. Wade's claims of ineffective assistance of counsel. Claims of ineffective assistance of counsel are evaluated under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Mr. Wade must establish "that counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms, and he must show that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance." *Sandoval v. Ulibarri*, 548 F.3d 902, 909 (10th Cir. 2008), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Apr. 27, 2009) (No. 08-10772); *see Strickland*, 466 U.S. at 688, 694.

With respect to the Black letter, the district court found that counsel challenged the admissibility of the letter both at trial and on appeal. R., Vol. I, Doc. 13, at 6-7. Moreover, even if the court was willing to assume that counsel's performance was somehow deficient, it concluded that Mr. Wade was not prejudiced, because there was no reasonable probability that the outcome would have been different. *Id.* at 7. With respect to the jury instruction, the court found that the instruction correctly stated the applicable law and that, therefore, counsel was not ineffective in failing to object to it. *Id.* at 10. With respect to Count V, the court found that Mr. Wade's proposed "defense" did not negate any of the elements of the offense. Worse, had counsel adopted Mr. Wade's suggested strategy, it could have undermined his defense as to Counts VI and VIII. *Id.* at 12.

Having thoroughly reviewed Mr. Wade's application for a COA, his merits brief,

and the appellate record, we agree, for substantially the same reasons given by the district court, that counsel was not ineffective. Therefore, Mr. Wade has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Wade's application for a COA and **DISMISS** his appeal.

Entered for the Court


Jerome A. Holmes
Circuit Judge