FILED
United States Court of Appeals
Tenth Circuit

May 18, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENNETH DON TATE,

     Petitioner-Appellant,

v.

MIKE ADDISON, Warden,

     Respondent-Appellee.

No. 10-6025
(D.C. No. 5:09-CV-00733-F)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Kenneth Don Tate, an Oklahoma state prisoner, applies for a certificate of appealability ("COA") to challenge the district court's dismissal as untimely of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c)(1)(A), we deny Mr. Tate's

---

[*] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

application for a COA, deny his motion to proceed IFP, and dismiss his appeal.

## BACKGROUND

In a thorough Report and Recommendation, the magistrate judge explained why Mr. Tate's petition was untimely: the convictions and sentences that are the subject of his § 2254 petition became final on September 16, 2004; however, Mr. Tate did not file his § 2254 petition until July 14, 2009. Absent tolling, Mr. Tate's limitation period expired one year after his convictions and sentences became final—that is, on September 16, 2005. While finding that his limitations period should be statutorily tolled for eighty-two days pursuant to 28 U.S.C. § 2244(d)(2) due to various post-conviction motions, the magistrate judge concluded this amount of statutory tolling did not render his habeas petition timely. In addition, Mr. Tate failed to identify any basis for equitable tolling. Consequently, the magistrate judge recommended that his petition be dismissed as untimely.

After reviewing the Report and Recommendation, Mr. Tate's objections, the rest of the record, and relevant legal authorities, the district court concurred with the magistrate judge's determinations and adopted the Report and Recommendation in its entirety. The district court dismissed Mr. Tate's § 2254 petition and denied his application for a COA. Mr. Tate renews his application for a COA before us and seeks to proceed IFP.

## DISCUSSION

"A COA is a jurisdictional pre-requisite to our review" of the dismissal of a § 2254 petition. *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006); *accord* 28 U.S.C. § 2253(c)(1)(A). We may only issue a COA where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Because Mr. Tate's § 2254 petition presents a situation "where a plain procedural bar is present," *id.*, we conclude that the district court did not err in dismissing his petition. For substantially the same reasons articulated by the magistrate judge and adopted by the district court, we determine that Mr. Tate's § 2254 petition is untimely. In his application for a COA, Mr. Tate briefly asserts that the violations of his rights and the law presented in his § 2254 petition should

3

outweigh the fact the petition is untimely; however, he makes no argument as to why the clock should be equitably tolled, nor does he identify any alleged inaccuracies in the district court's statute-of-limitations calculations. Therefore, Mr. Tate has failed to show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[1] *Id.* Consequently, we deny his request for a COA.[2]

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Tate's application for a COA and **DISMISS** the appeal.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[1]    On May 13, 2010, almost five months after Mr. Tate initiated this appeal, he filed with this court a document styled, "Motion to Supplement with Affidavits and Other Materials Appellant Would like the Court to Consider." In order to give Mr. Tate every reasonable opportunity to support his appeal, we have reviewed this motion and hereby grant it. However, this motion does not avail Mr. Tate. Like his previous appellate filings, the motion fails to offer any argument challenging the correctness of the district court's finding that Mr. Tate's petition is untimely; rather, the motion addresses substantive grounds for relief. Accordingly, the motion does not alter our ultimate conclusion that reasonable jurists would not debate the correctness of the district court's procedural ruling.

[2]    Mr. Tate also filed with this court a motion requesting leave to proceed on appeal *in forma pauperis* ("IFP"). Around four months after filing the appeal, however, Mr. Tate elected to pay the appellate filing fee. Accordingly, we deny Mr. Tate's IFP motion as moot.