FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RODERICK EARSEL WEBSTER,

      Petitioner - Appellant,

v.

JUSTIN JONES,

      Respondent - Appellee.

No. 13-6145
(D.C. No. 5:12-CV-01357-F)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Proceeding pro se,[1] Oklahoma state inmate Roderick Earsel Webster seeks a

certificate of appealability ("COA") to challenge the district court's dismissal of

his habeas petition as time-barred.  He also seeks leave to proceed *in forma*

*pauperis* ("IFP").  We **deny** a COA, **deny** Mr. Webster's motion to proceed IFP,

and **dismiss** this matter.

---

[*]       This order is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1]       Because Mr. Webster is proceeding pro se, we construe his filings
liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v.
Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

**I**

Mr. Webster was convicted in Oklahoma state court in 2009 of first-degree murder and sentenced to life in prison without the possibility of parole. The Oklahoma Court of Criminal Appeals affirmed his conviction on direct appeal. On December 6, 2012, Mr. Webster filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State moved the court to dismiss the petition as time-barred and the court granted the motion. This application for a COA followed.

**II**

In his application, Mr. Webster appears to raise the following issues, each with reference to his prosecution in state court: (1) prosecutorial misconduct violated his due process rights; (2) exculpatory evidence was not turned over to the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (3) improper opinion testimony was given in violation of the Fourteenth Amendment and Mr. Webster's right to a fair trial; (4) a statement by Mr. Webster to the police was improperly admitted into evidence in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966); and (5) cumulative error undermined the verdict.

Mr. Webster's arguments all relate entirely to the merits of his underlying claims for habeas relief. None of them addresses the district court's reason for dismissing the petition, namely, that it is time-barred. When a district court denies habeas relief on procedural grounds, a COA should not issue unless, *inter*

2

*alia*, the petitioner can "show 'that jurists of reason would find it debatable

. . . whether the district court was correct in its procedural ruling.'" *Coppage v.

McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (omission in original) (quoting

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Because Mr. Webster makes no

arguments concerning the timeliness issue, he fails to demonstrate that the district

court's procedural ruling is open to debate by reasonable jurists.  He is therefore

not entitled to a COA.

## III

For the aforementioned reasons, we **deny** Mr. Webster's request for a

COA, **deny** his motion to proceed IFP, and **dismiss** this matter.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

3