FILED
United States Court of Appeals
Tenth Circuit

July 31, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

KENNETH DEAN STURM,

   Defendant-Appellant.

No. 14-1113
(D.C. Nos. 1:13-CV-02680-LTB &
1:06-CR-00342-LTB-1)
(D. Colo.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HARTZ**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Federal inmate Kenneth Dean Sturm, proceeding pro se,[1] requests a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, correct, or set aside his sentence. He also seeks our leave to proceed *in forma pauperis* ("IFP"). We deny Mr. Sturm's request for a COA, deny his request to proceed IFP, and dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Sturm is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

I.

Mr. Sturm was convicted by a federal jury of one count of possession of child pornography and one count of receipt of child pornography. We affirmed the convictions on direct appeal. *United States v. Sturm*, 673 F.3d 1274, 1277, 1288 (10th Cir. 2012). Mr. Sturm then sought § 2255 relief from the district court, which rejected all of his claims on the merits and did not issue a COA. The court also denied Mr. Sturm's motion for an evidentiary hearing and request to appoint counsel.

Although Mr. Sturm raised several claims in his § 2255 motion, he asserts only one cognizable ground[2] for a COA: "that appellate counsel was ineffective for not challenging on appeal the sufficiency of the evidence to support [p]roof of [k]nowledge of the specific copies of images charged in this case." Aplt. Opening Br. at 3.

II.

We are not authorized to adjudicate the merits of an appeal from a denial of a § 2255 motion unless the movant has first obtained a COA. *See* 28 U.S.C.

---

[2] Mr. Sturm does raise a second ground for a COA when he argues error as to the "[d]istrict [c]ourt's denial of [his] motion to acquit." Aplt. Opening Br. at 3. Setting aside the fact that Mr. Sturm did not raise this argument in the district court, we will not consider it because although it could have been, it was not raised on direct appeal. *See United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) (recognizing that we do not consider claims that could have been raised on direct appeal but were not, unless the petitioner can demonstrate cause and prejudice for the default, or a fundamental miscarriage of justice will result). To the extent Mr. Sturm argues that he received ineffective assistance of appellate counsel because his lawyer did not appeal the district court's denial of his motion for judgment of acquittal, he cannot prevail because there was no prejudice. *See* Section II, *infra*.

§ 2253(c)(1)(B).  "A COA will issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'"  *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting 28 U.S.C. § 2253(c)(2)).  "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'"  *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A § 2255 movant claiming ineffective assistance of counsel must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  This is a two-prong test, which requires proof that (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense.  *Id*. at 687-88.

As the district court explained, the appellate lawyer's decision not to make a sufficiency of the evidence argument on appeal was both objectively reasonable and did not prejudice Mr. Sturm.  It was objectively reasonable because the record disclosed that it was an adequately informed strategic choice.  *See United States v. Nguyen*, 413 F.3d 1170, 1181 (10th Cir. 2005) ("Where it is shown that a particular decision was, in fact, an adequately informed strategic choice, the presumption that the attorney's decision was objectively reasonable becomes virtually

- 3 -

unchallengeable") (internal quotation marks omitted)).  Further, the court found that our ruling in *United States v. Dobbs*, 629 F.3d 1199 (10th Cir. 2011), did not demonstrate that the evidence in his case was insufficient to establish the "knowing" elements of the crimes.  As such, the court concluded that there was no prejudice. *See United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) ("When . . . the basis for the ineffective assistance claim is the failure to raise an issue. . . . If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial"). Because reasonable jurists could not debate the correctness of the court's determinations, a COA will not issue.

### III.

Last, Mr. Sturm has failed to demonstrate "the existence of a reasoned, non-frivolous argument on the law and facts in support of the issue[] raised on appeal."  *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotation marks omitted).  Indeed, Mr. Sturm's brief does not discuss the district court's decision concerning ineffective assistance of counsel, but instead focuses exclusively on whether he was entitled to a judgment of acquittal.  Accordingly, we deny Mr. Sturm's motion to proceed IFP.

For the reasons stated, we deny Mr. Sturm's request for a certificate of appealability, deny his request to proceed IFP, and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk