**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 7, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SHAWN SHINTON,

      Petitioner - Appellant,

v.

TIM WILKINSON,

      Respondent - Appellee.

No. 14-6035
(D.C. No. 5:13-CV-01014-D)
(W.D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

Defendant Shawn Shinton, an Oklahoma prisoner, filed an application for relief under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma. The district court denied the application as untimely. Defendant now seeks a certificate of appealability (COA) from this court to pursue an appeal. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal denial of § 2254 application). We deny a COA and dismiss the appeal.

## I.    BACKGROUND

Defendant was convicted by an Oklahoma jury of second-degree murder on April 8, 1994. He was sentenced to life in prison with the possibility of parole. The

Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction on January 18, 1996. Defendant did not petition for a writ of certiorari in the United States Supreme Court. On August 17, 2011, he filed a state application for postconviction relief, which was denied. He appealed to the OCCA, which affirmed the denial on September 26, 2012.

On September 19, 2013, Defendant filed a pro se application for relief in the district court under § 2254, arguing (1) that his Fourteenth Amendment rights were violated by admission of his involuntary confession at trial, (2) that his confession was the result of mental and emotional duress, and (3) that a law-enforcement witness testified falsely at his trial. We proceed to review the timeliness of the application.

## II.     DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that

2

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

A prisoner bringing a petition under § 2254 must file the petition within one year of the last of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A prisoner must qualify under § 2244(d)(1)(A), filing his petition within one year of the time his conviction became final, unless he can invoke a statutory extension under another provision of § 2244 or equitable tolling. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

The district court correctly calculated that Defendant's conviction became final on April 17, 1996, ninety days after the OCCA denied his appeal, when his time to file a petition for certiorari with the United States Supreme Court ran out. The court went on to consider whether he was entitled to a statutory extension under § 2244(d)(1)(B) or (D).

3

Defendant claimed that § 2244(d)(1)(B) was applicable because he alleged that he was not able to obtain transcripts of his trial until 2011; the district judge ultimately found that he was in possession of his trial transcripts by January 14, 2011. And Defendant suggested that the onset of the one-year limitations period would be delayed about a month beyond that by applying § 2244(d)(1)(D) because a law-enforcement officer executed an affidavit helpful to his claims on February 11, 2011. In addition, Defendant could take advantage of tolling of the limitations period from August 17, 2011, to September 26, 2012, while his state application for postconviction relief was pending. *See* 28 U.S.C. § 2244(d)(2).

But even if we give Defendant the benefit of these statutory provisions, the filing of his § 2254 application on September 19, 2013, came too late. The filing was more than 31 months after execution of the officer's affidavit, and his state postconviction application was pending for less than 14 months.

There remains the possibility of equitable tolling, but equitable tolling is granted "only in rare and exceptional circumstances." *See Coppage v. McKune*, 534 F.3d 1279, 1280 (10th Cir. 2008) (internal quotation marks omitted). And, as the district court ruled, Defendant provided no facts to support such tolling.

In this court Defendant addresses only the merits of his claims. He makes no arguments why the district court's timeliness ruling was incorrect. We conclude that no reasonable jurist could find it debatable that the district court was correct in its procedural ruling.

**III.    CONCLUSION**

We DENY the application for a COA and DISMISS the appeal.  We DENY

Defendant's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

5