FILED
United States Court of Appeals
Tenth Circuit

July 30, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

FABIAN VILLANUEVA,

      Petitioner-Appellant,

v.

JAMES FRAWNER, Warden, GARY
K. KING, New Mexico Attorney
General,

      Respondents-Appellees.

No. 15-2064
(D.C. No. 2:14-CV-00594-SCY)
(D. New Mexico)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY
AND DISMISSING THE APPEAL**
_____

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

Mr. Fabian Villanueva was convicted of state crimes in 2008, and the

limitations period allowed the filing of a habeas action within one year. 28 U.S.C.

§ 2244(d)(1) (2012). He filed a federal habeas petition, but not until 2014.

Because Mr. Villanueva did not file the habeas petition within one year, the

district court dismissed the action based on timeliness. Mr. Villanueva wants to

appeal. To do so, however, he needs a certificate of appealability. 28 U.S.C.

§ 2253(c)(1)(A) (2012). We can issue the certificate only if reasonable jurists

would find the district court's decision reasonably debatable. *Laurson v. Leybda*,

507 F.3d 1230, 1232 (10th Cir. 2007). None would; as a result, we (1) decline to issue a certificate of appealability and (2) dismiss the appeal.

## I. Timeliness

Any reasonable jurist would deem the petition to be untimely.

### A. The One-Year Deadline

The limitations period ordinarily begins when the conviction became final. 28 U.S.C. § 2244(d)(1)(A) (2012). The conviction became final in 2008. Thus, Mr. Villanueva ordinarily would have had to file a federal habeas petition by 2009. Because Mr. Villanueva did not file a federal habeas petition by 2009, the action would generally be considered time-barred.

### B. Equitable Tolling

But he urges equitable tolling based on ignorance of the law, delay in providing his case file, and lack of access to research materials. No reasonable jurist would credit any of these arguments.

Equitable tolling may be available when prisoners diligently pursue their rights, but are unable to timely file because of extraordinary circumstances. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

We have held that ignorance of the law does not ordinarily excuse timely filing. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Mr. Villanueva has not alleged any extraordinary factors to justify departure from our general rule.

2

Nor has he alleged extraordinary circumstances from the delay in obtaining his case file. In district court and on appeal, Mr. Villanueva alleged that he was unable to get his case file for roughly 2½ years. But he took over 4 years to file a habeas petition in either state court or federal court. Thus, the 2½ year delay would not fully account for Mr. Villanueva's failure to timely file. For example, he acknowledges that once he obtained his case file, he spent roughly a year reviewing the file and additional time compiling his notes and drafting the petition. Doc. 8 at 3. In taking that time, he acknowledges that he mistakenly thought that he had as much time as he wanted to seek federal habeas relief on newly raised issues. Doc. 8 at 4. In these circumstances, no reasonable jurist could credit Mr. Villanueva's theory of equitable tolling based on a delay in obtaining his case file.

The same is true regarding the alleged lack of access to research materials. For this theory, Mr. Villanueva faces two insurmountable hurdles. First, he "could raise only issues previously submitted in state court, so much of the research would already have been done." *Coppage v. McKune*, 534 F.3d 1279, 1282 (10th Cir. 1982). Second, he admittedly took more than 1 year to review his file, compile his notes, and draft the petition. Doc. 8 at 3–4. He does not attribute any portion of his delay to the restrictions on his access to research materials. In light of Mr. Villanueva's own allegations, no reasonable jurist would credit his theory of equitable tolling.

3

## C.    State-Created Impediments

Mr. Villanueva also relies on 28 U.S.C. § 2244(d)(1)(B), which extends the period of limitations when the State creates an impediment to the timely filing of a habeas action. 28 U.S.C. § 2244(d)(1)(B) (2012). In Mr. Villanueva's view, the State impeded his filing by thwarting access to his case file and research materials. All reasonable jurists would reject this argument.

Even if the restrictions otherwise sufficed under § 2244(d)(1)(B), Mr. Villanueva could not convince reasonable jurists of his inability to timely file in the face of these so-called "impediments." Mr. Villanueva admits that he took more than one year to review his file and draft the habeas petition. That time would have rendered the habeas action late even if Mr. Villanueva had obtained immediate, unlimited access to his case file and research materials.

## D.    Actual Innocence

In objecting to the magistrate judge's proposed ruling, Mr. Villanueva asserted actual innocence. In theory, a showing of actual innocence would allow Mr. Villanueva to avoid the one-year period of limitations. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). But to make this showing, he had to present new evidence showing that no reasonable juror would likely have found him guilty. *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Mr. Villanueva has not urged actual innocence in his application for a certificate of appealability. But even if we were to liberally construe his

4

application to include this theory, all reasonable jurists would reject this theory because he did not present the district court with *any* new evidence. Instead, he simply alleged the State had exculpatory evidence. In the absence of any new evidence, all reasonable jurists would reject Mr. Villanueva's theory of actual innocence.

## II.    Conclusion

Because any reasonable jurist would regard the habeas action as untimely, we decline to issue a certificate of appealability. Because the certificate is necessary for Mr. Villanueva to continue, we dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge