**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALBERT McELHANEY,

      Petitioner - Appellant,

v.

WARDEN BEAR; STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 18-6037
(D.C. No. 5:18-CV-00030-HE)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Applicant Albert McElhaney, a prisoner in the custody of the Oklahoma Department of Corrections, seeks a certificate of appealability (COA) to appeal the denial of his application for relief under 28 U.S.C. § 2241 by the United States District Court for the Western District of Oklahoma. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court). The district court dismissed two of Applicant's claims because they were not properly brought under § 2241 and dismissed the other two claims because they had been raised and denied in a previous § 2241 proceeding. We deny a COA and dismiss the appeal.

Because Applicant appears pro se, we construe his pleadings liberally, but "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Conner Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We have tried to decipher his various claims and arguments but can only do so much.

We grant a COA on a claim only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)–(3). When, as here, a claim has been dismissed on a procedural ground, the applicant faces a "double hurdle"; "[n]ot only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (internal quotation marks omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the [application] or that the [applicant] should be allowed to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Applicant's first two claims in his § 2241 application were (1) that Oklahoma improperly prosecuted him because it lacks jurisdiction over American Indians who commit crimes in Indian Country and (2) the state violated his due-process right to be prosecuted only upon a grand-jury indictment. Both these claims challenge the validity of his conviction and sentence, not their execution, so they should have been brought under 28 U.S.C. § 2254 rather than § 2241. *See Leatherwood v. Allbaugh*, 861 F.3d

2

1034, 1042 (10th Cir 2017) (application under § 2241 generally addresses the execution of a sentence rather than its validity, whereas application under § 2254 may properly attack the validity of an underlying conviction or sentence). No reasonable jurist could debate the correctness of the district court's dismissal of these two claims.

Applicant's remaining two claims were that Oklahoma had suspended his habeas rights and that Oklahoma had neglected its duty to protect his federal rights. The district court dismissed these two claims on the ground that he had unsuccessfully raised them in a prior § 2241 application. Applicant's pleadings in this court do not dispute the factual predicate of the district court's ruling. But even if there is some difference between his claims now and his claims in the prior § 2241 proceeding, dismissal of his present claims is not debatable. These two claims are directed at the state's habeas proceedings; and because a challenge to state postconviction proceedings "represents an attack on a proceeding collateral to detention of [the applicant] and not on the detention itself," such a challenge "fail[s] to state constitutional claims cognizable in a federal habeas proceeding." *United States v. Dago*, 441 F.3d 1238, 1248–49 (10th Cir. 2006) (internal quotation marks omitted). Again, no reasonable jurist could debate the correctness of the dismissal of the two claims.

We **DENY** a COA and dismiss the appeal. We also **DENY** Applicant's request to proceed *in forma pauperis*.

Entered for the Court


Harris L Hartz
Circuit Judge
