FILED
United States Court of Appeals
Tenth Circuit

June 17, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BILLY J. REYNOLDS,

    Petitioner - Appellant,

v.

KRISTI MILLER,

    Respondent - Appellee.

No. 20-3023
(D.C. No. 5:18-CV-03091-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Defendant Billy J. Reynolds, a Kansas state prisoner appearing pro se, seeks a

certificate of appealability ("COA") to challenge the district court's dismissal of his 28

U.S.C. § 2254 habeas corpus petition. For the same reasons as the district court, we

DENY his request for a COA and DISMISS this matter.

Petitioners have one year from "the date on which the judgment became final by

the conclusion of direct review" to file a habeas petition. 28 U.S.C. § 2244(d)(1)(A).

"Direct review" of a conviction does not end until the availability of direct appeal in the

state courts and request for review in the United States Supreme Court have been

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

exhausted; where a prisoner declines to seek review in the Supreme Court, the limitation period begins to run the day after the ninety-day period for seeking review in the Supreme Court expires. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). The district court dismissed Reynolds' § 2254 petition as untimely.

To appeal, Reynolds must first obtain a COA, which is available only if he can make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Reynolds must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The district court concluded Reynolds failed to file his petition within the one-year limitations period and thus did not reach the merits of the petition. When a district court disposes of a petition on procedural grounds, like timeliness, a COA will issue only when the petitioner meets a two-part standard, showing not just that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478; *see Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) ("If the application was denied on procedural grounds, the applicant faces a double hurdle.").

In 2010, Reynolds pleaded guilty to four counts of aggravated indecent liberties with a child. After his sentencing to life in prison with no possibility of parole for twenty-five years, he filed a motion to withdraw his guilty plea. The trial court conducted an

2

evidentiary hearing and denied the motion in February 2012. Reynolds appealed; the Kansas Court of Appeals affirmed the denial on October 25, 2013, and the Kansas Supreme Court denied review on August 14, 2014. Reynolds then had 90 days to file a petition for certiorari with the United States Supreme Court; he did not do so, and his one-year limitations period to file his habeas petition began to run on November 13, 2014, the day after the 90-day period expired. Reynolds did not file his § 2254 petition until April 12, 2018, clearly beyond the one-year limitations period.[1] No jurist of reason would find it debatable that the district court was correct in its procedural ruling. For this reason, we DENY his request for a COA and DISMISS this matter.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] Reynolds also filed a pro se motion to set aside his conviction on December 9, 2015, which like this § 2254 petition argued he had not personally pled guilty. The trial court construed that motion as a motion to withdraw plea and denied it as untimely and successive. The Kansas Court of Appeals affirmed. *See State v. Reynolds*, 404 P.3d 355 (Table), 2017 WL 4453229, *1 (Kan. App. Oct. 6, 2017). This second motion is not relevant, however, as it does not impact the statute of limitations analysis; even if such a filing tolled the period, it was not filed during the period. *Cf. Harris*, 642 F.3d at 906 n.6.