FILED
United States Court of Appeals
Tenth Circuit

July 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSE SORIANO,

        Petitioner - Appellant,

v.

JUSTIN JONES, Director, Oklahoma
Department of Corrections,

        Respondent - Appellee.

No. 13-6098
(D.C. No. 5:13-CV-00036-F)
(W.D. Oklahoma)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

This matter is before the court on Jose Soriano's pro se request for a

certificate of appealability ("COA"). Soriano seeks a COA so he can appeal the

district court's dismissal, on timeliness grounds, of his 28 U.S.C. § 2254 petition.

*See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final

order denying, inter alia, a § 2254 petition unless the petitioner first obtains a

COA); *id.* § 2244(d)(1) (setting out a one-year statute of limitations on § 2254

petitions running from the date on which the conviction became final). Because

Soriano has not "made a substantial showing of the denial of a constitutional

right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Following a jury trial in Oklahoma state court, Soriano was convicted of two counts of Unlawful Delivery of a Controlled Drug and two counts of Trafficking in Illegal Drugs. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Soriano's convictions on direct appeal, *Soriano v. State*, 248 P.3d 381, 400 (Okla. Crim. App. 2011), and denied his request for collateral relief in an unpublished order, *Soriano v. State*, No. PC-2011-982, Slip Op. at 3 (Okla. Crim. App. Jan. 25, 2012). Soriano then filed the instant § 2254 habeas corpus petition on January 9, 2013. Soriano's petition was referred to a federal magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). In a series of two Reports and Recommendations, the magistrate judge concluded Soriano's § 2254 petition was untimely. The magistrate judge further noted the record indicated a lack of diligence on Soriano's part, precluding the application of equitable tolling. Thus, the magistrate judge recommended that the district court dismiss the petition as untimely pursuant to § 2244(d). Upon de novo review, the district court adopted the Report and Recommendation and dismissed Soriano's petition.

The granting of a COA is a jurisdictional prerequisite to Soriano's appeal from the denial of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Soriano must make "a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). When a district court dismisses a § 2254 petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000). Although Soriano need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338. As a further overlay on this standard, we review for abuse of discretion the district court's decision that Soriano is not entitled to have the limitations period in § 2244(d) equitably tolled. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). Having undertaken a review of Soriano's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Soriano is not entitled to a COA.

The district court's conclusion that Soriano's petition is untimely is clearly correct. The OCCA decided Soriano's direct appeal on February 16, 2011. Thus,

his conviction became final on May 17, 2011, upon the expiration of the ninety-day period to file a petition for certiorari in the United States Supreme Court. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001); 28 U.S.C. § 2244(d)(1)(A). The limitation period ran until August 11, 2011 (a period of eighty-six days), when Soriano filed a state petition for post-conviction relief. 28 U.S.C. § 2244(d)(2) (providing for statutory tolling of the limitations period during the pendency of a "properly filed application for State post-conviction or other collateral review"). The limitations period began to run again on January 25, 2012, when the OCCA affirmed the denial of Soriano's request for post-conviction relief. At that point, Soriano had 279 days, or until October 30, 2012, to file his habeas petition. Because he did not file that petition until January 9, 2013, it is time-barred. Furthermore, it cannot reasonably be asserted the district court abused its discretion in denying Soriano's request for equitable tolling. Even though Soriano was subject to extensive periods of institutional lockdown, he was able to request specific books be delivered to his cell during that time. Moreover, he had several months in which he was not subjected to institutional lockdown and has not shown why he could not file his petition during such time, particularly when the claims he is seeking to raise were previously raised in state court. *Coppage v. McKune*, 534 F.3d 1279, 1282 (10th Cir. 2008) (affirming denial of equitable tolling in similar circumstances).

For those reasons set out above, this court **DENIES** Soriano's request for a COA and **DISMISSES** this appeal.  Soriano's request to proceed on appeal *in forma pauperis* is **GRANTED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge