**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN WADE BIGHAM,

      Petitioner - Appellant,

v.

JOE ALLBAUGH,

      Respondent - Appellee.

No. 16-7068
(D.C. No. 6:15-CV-00488-RAW-KEW)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.

Steven Bigham seeks a certificate of appealability (COA) to appeal the

district court's order dismissing his 28 U.S.C. § 2254 petition for habeas corpus

relief.  The district court found the petition time-barred because Mr. Bigham

missed AEDPA's filing deadline by 63 days.  It also rejected Mr. Bigham's

equitable tolling and actual innocence claims.  And where a district court

dismisses a § 2254 petition on procedural grounds like these, we may issue a

COA only if "jurists of reason would find it debatable whether the district court

---

[*]  This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Bigham has failed to carry this burden. AEDPA's one-year statute of limitations began to run on April 8, 2014, when his state court conviction became final. 28 U.S.C. § 2244(d)(1)(A). The clock stopped for 179 days during his post-conviction proceedings in Oklahoma state court. 28 U.S.C. § 2244(d)(2). So Mr. Bigham had until October 5, 2015, to file his habeas petition, but he waited until December 7, 2015. Neither do the prison lockdowns Mr. Bigham complains of warrant equitable tolling. After all, he had uninhibited library access for the first fourteen months of his limitations period. *See Soriano v. Jones*, 522 F. App'x 428 (10th Cir. 2013) (petitioner "had several months in which he was not subjected to institutional lockdown and has not shown why he could not file his petition during such time"). Equitable tolling is particularly inappropriate here because Mr. Bigham presented the same claims in his habeas petition that he litigated in his state post-conviction proceedings. So it's unclear how more legal research could have helped. *See id.*; *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Finally, Mr. Bigham cannot avoid AEDPA's statute of limitations on actual innocence grounds. For both Mr. Bigham's petition and his application for a COA merely challenge the sufficiency of the evidence against him. *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual

innocence, not mere legal insufficiency."). Nothing Mr. Bigham presented to the district court or to us suggests he's innocent.

The request for a COA is denied and this appeal is dismissed. Mr. Bigham is reminded of his obligation to continue making partial payments until his appellate filing fee is fully paid.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge