FILED
United States Court of Appeals
Tenth Circuit

April 10, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TRICIA RODARMEL,

Defendant-Appellant.

No. 17-3263
(D.C. Nos. 6:17-CV-01182-JTM and
6:15-CR-10105-JTM-2)
(D. Kan.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

Proceeding pro se,[1] Tricia Rodarmel, a federal prisoner, seeks a certificate

of appealability ("COA") in order to challenge the district court's denial of her 28

U.S.C. § 2255 motion. Exercising jurisdiction under 28 U.S.C. § 1291, we **DENY**

Ms. Rodarmel's request for a COA and **DISMISS** this matter.

---

[*]    This order is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    Because Ms. Rodarmel appears in these proceedings without counsel,
we construe her pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94
(2007) (per curiam), but stop short of acting as her advocate, *see United States v.
Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

# I

Ms. Rodarmel and her co-defendant Robert Dickson were charged in an eight-count indictment. Ms. Rodarmel's charges included violating 18 U.S.C. § 1591 (sex trafficking of a child), 18 U.S.C. § 2423(a) (transporting a minor in interstate commerce with the intent that the minor engage in sexual activity), and 18 U.S.C. § 2251(b) (a parent assisting another person in the use of the parent's child to produce child pornography). These charges stemmed from Ms. Rodarmel's decision to drive her thirteen-year-old daughter from Missouri to a hotel room in Kansas to have sex with Mr. Dickson.

Ms. Rodarmel entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. She pleaded guilty to violating § 2423(a), transportation of a minor in interstate commerce to engage in sexual activity, in exchange for dismissal of the other charges. This plea agreement recommended a sentence of 204 months' imprisonment (i.e., 17 years) followed by 10 years of supervised release. The agreement contained a waiver: Ms. Rodarmel generally waived her right to appeal from, or collaterally attack, her conviction and sentence. The waiver carved out an exception, specifying that Ms. Rodarmel "in no way waive[d] any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." R., Vol. I, at 18 (Plea Agreement, dated May 2, 2016).

The district court accepted Ms. Rodarmel's guilty plea and sentenced her in

accordance with the plea agreement, accepting its recommendation of a 204-month term of imprisonment. Her sentence was entered on July 25, 2016. Ms. Rodarmel did not directly appeal from her conviction or sentence. Instead, on July 24, 2017, Ms. Rodarmel initiated this § 2255 proceeding asking for her sentence to be vacated, set aside or corrected on grounds of ineffective assistance of counsel and "prosecutorial misconduct based on racial bias[]." *Id.* at 53 (Section 2255 Motion, dated July 24, 2017). The district court denied Ms. Rodarmel's motion on October 30, 2017, and Ms. Rodarmel now seeks to challenge this ruling on appeal.

## II

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzales*, 596 F.3d 1228, 1241 (10th Cir. 2010); *see also* 28 U.S.C. § 2253(c)(1)(B). The district court denied Ms. Rodarmel's ineffective assistance of counsel claim on the merits. When "a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The district court denied Ms. Rodarmel's prosecutorial bias claim on procedural grounds. Where the district court denies a § 2255 movant's claim on procedural grounds, the movant faces a "double

3

hurdle." *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). "Not only must the [movant] make a substantial showing of the denial of a constitutional right, but [she] must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Id.* (quoting *Slack*, 529 U.S. at 484).

**III**

**A**

In her § 2255 motion, Ms. Rodarmel primarily argued that her counsel was ineffective because he "failed to present mitigating evidence to the court." R., Vol. I, at 52.[2] The district court rejected this claim. It recognized that the right to effective assistance of counsel "extends to the plea-bargaining process." *Id.* at

---

[2] Ms. Rodarmel also advanced a second theory of ineffective assistance of counsel in her § 2255 motion, arguing that "counsel failed to make an argument under sentencing disparity." R., Vol. I, at 51. She further explained that she "objects to her sentence as it was substantially unreasonable," because "[t]he nature of the circumstances of the offense and her history and background were not considered," and because "[t]he court failed to acknowledge and compare this case with other offenders with the same conduct and instead set out to make an example of her." *Id.* We decline to grant a COA regarding Ms. Rodarmel's second theory of ineffective assistance. It warrants only a brief discussion. As relevant to this theory, the district court found that Ms. Rodarmel's "trial counsel was not ineffective" given that Ms. Rodarmel agreed to the 204-month sentence that she ultimately received, and that if her counsel had argued for a lesser sentence, he might have "breached the plea agreement." R., Vol. I, at 264. This reasoning strikes us as eminently logical and, in her COA application, Ms. Rodarmel gives us no basis for concluding that reasonable jurists would find the court's ruling on this ineffective-assistance theory debatable or wrong. Therefore, we will not grant a COA for Ms. Rodarmel to challenge this ruling.

263 (Dist. Ct. Order, filed Oct. 30, 2017) (quoting *United States v. Watson*, 766 F.3d 1219, 1225 (10th Cir. 2014)). But the district court pointed out that, in her plea agreement, Ms. Rodarmel acknowledged that a 204-month sentence was "appropriate" for her crime. *Id.* at 264. Moreover, as the court noted, Ms. Rodarmel's counsel *did* present evidence of mitigating circumstances, arguing that Ms. Rodarmel is "a good person" and "a good mother" who "went through a lot with the loss of her parents." *Id.* at 41–42. Ms. Rodarmel's counsel also presented a letter from Ms. Rodarmel apologizing for her actions. *Id.* at 42–43.

On appeal, Ms. Rodarmel does not address the district court's reasoning. Instead, she merely restates her argument that counsel "failed to present mitigating evidence that could have resulted in a different sentence." Aplt.'s Opening Br. at 4. But she does not identify what this evidence was, let alone "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result" of her sentencing proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). This failure is fatal to Ms. Rodarmel's COA application, because it means that she has failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. As such, Ms. Rodarmel is not entitled to a COA on her ineffective assistance of counsel claims.

5

**B**

Ms. Rodarmel also alleged "prosecutorial misconduct based on racial bias[]" in her § 2255 motion.[3] R., Vol. I, at 53. She elaborated that "[p]rosecutor Jason Hart was determined that Petitioner would receive an unreasonably long sentence. Mr. Brent Anderson verified this on the day of sentencing." *Id.*[4]

The district court rejected this claim on procedural grounds. It reasoned that Ms. Rodarmel should have brought her prosecutorial-misconduct claim on direct appeal, and since she could not show cause for her failure to do so, or that refusing to entertain this claim now would lead to either actual prejudice or a fundamental miscarriage of justice, the district court denied relief as to this claim.

On appeal, Ms. Rodarmel does not attempt to challenge the district court's reasoning. She instead simply reasserts what was in her § 2255 motion, arguing in conclusory fashion that she was a victim of racial bias and that the prosecutor in charge of her case "was determined [that Ms. Rodarmel] would receive an unreasonably long sentence." Aplt.'s Opening Br. at 4. As such, Ms. Rodarmel does not "show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage*, 534 F.3d at 1281

---

[3] Ms. Rodarmel's Presentence Report (prepared by the probation office) identifies her as being non-Hispanic white. R., Vol. III, at 5 (Presentence Report, filed July 15, 2016).

[4] It appears that Jason Hart was the prosecutor assigned to Ms. Rodarmel's case. On the day Ms. Rodarmel was sentenced, Mr. Hart was unable to attend and Mr. Anderson filled in for him. R., Vol. I, at 60.

(quoting *Slack*, 529 U.S. at 484). And we underscore that it is Ms. Rodarmel's burden to make this showing. *See Bookstore v. Addison*, 51 F. App'x 284, 286 (10th Cir. 2002) (unpublished) ("On his claims that [a] procedural bar should not have been invoked, [the COA applicant] has not met his burden to show that 'jurists of reason would find it debatable whether . . . the district court was correct in its procedural ruling.'" (quoting *Slack*, 529 U.S. at 484)). Because Ms. Rodarmel has not made this showing, she is not entitled to a COA on this claim, either.

## IV

Based on the foregoing, we **DENY** Ms. Rodarmel's request for a COA and **DISMISS** this matter.

Entered for the Court


JEROME A. HOLMES
Circuit Judge