FILED
United States Court of Appeals
Tenth Circuit

November 30, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STACY L. FISHER,

    Defendant - Appellant.

No. 18-3138
(D.C. Nos. 6:17-CV-01143-EFM and
6:13-CR-10145-EFM)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

    Proceeding pro se,[1] Stacy Fisher seeks to appeal the district court's orders denying his 28 U.S.C. § 2255 motion and his motion to reconsider under Federal Rule of Civil Procedure 59(e). But before Fisher can appeal the district court's orders, he must first obtain a certificate of appealability (COA). *See* 28 U.S.C. 2253(c)(1)(B); *cf. Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006).

    In determining whether a petitioner is entitled to a COA, our analysis varies based on whether the district court resolved the petitioner's § 2255 motion on

---

[*] This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Fisher proceeds pro se, we liberally construe his filings. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1243 n.4 (10th Cir. 2015). But we won't act as his advocate. *See id.*

procedural grounds or instead reached the underlying merits of the petitioner's claim. If the district court "rejected the constitutional claims on the merits," we will grant a COA if the petitioner "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But if the district court instead denied relief "on procedural grounds without reaching the prisoner's underlying constitutional claim," then the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added); *see also Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (describing *Slack*'s "double hurdle").

Here, the district court denied Fisher's § 2255 motion—which alleged an error arising from his 2014 sentencing—on procedural grounds. Specifically, the district court concluded that Fisher's sentencing-error argument was "barred by the waiver in his plea agreement." R. vol. 1, 109. Thus, the district court didn't reach the merits of Fisher's sentencing-error argument in denying his § 2255 motion. Nor did the district court reach the merits of that sentencing-error argument in denying Fisher's subsequent Rule 59(e) motion. Instead, it merely ruled that it "did not commit clear error in enforcing" the plea waiver. *Id.* at 205.[2]

---

[2] To the extent that Fisher's Rule 59(e) motion "reassert[ed] prior legal arguments or raise[d] new grounds for relief attacking [his] incarceration," the district court treated it as an unauthorized second or successive § 2255 motion and "dismisse[d] Fisher's arguments." R. vol. 1, 202–03; *see also* § 2255(h). Because

2

Accordingly, because the district court denied Fisher's § 2255 motion on procedural grounds, Fisher isn't entitled to a COA unless he can clear *Slack*'s "double hurdle." *Coppage*, 534 F.3d at 1281; *see also Slack*, 529 U.S. at 484. Even if we assume that his § 2255 motion "states a valid claim of the denial of a constitutional right," Fisher fails to explain why "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Indeed, Fisher fails to acknowledge—let alone challenge—the district court's ruling that his underlying sentencing argument is "barred by the waiver in his plea agreement." R. vol. 1, 109. Thus, in the absence of any argument on this point, we deny his request for a COA and dismiss this matter. *See Slack*, 529 U.S. at 484. And for the same reason, we likewise deny his motion to proceed in forma pauperis (IFP). *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("[I]n order to succeed on a motion to proceed IFP, the movant must show," among other things, "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action.").

Entered for the Court


Nancy L. Moritz
Circuit Judge

---

Fisher doesn't appear to quarrel with this aspect of the district court's order, we don't address it further.