**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THOMAS A. BIAS,

    Petitioner - Appellant,

v.

JIMMY MARTIN, Warden,

    Respondent - Appellee.

No. 18-5105
(D.C. No. 4:17-CV-00607-JHP-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Thomas A. Bias, an Oklahoma state prisoner proceeding pro se,[1] seeks a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c)(1) to appeal the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We deny Mr. Bias's application for a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Bias is proceeding pro se, we construe his filings liberally, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

# I.

In 1975, Mr. Bias was convicted in Oklahoma state court of first-degree murder and sentenced to death. He was 17 years old at the time of the murder, but he was certified to be tried as an adult. On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction but modified his sentence to life imprisonment at hard labor. *See Bias v. State*, 561 P.2d 523, 538 (Okla. Crim. App. 1977) (per curiam). Mr. Bias filed several applications for postconviction relief in state court, which were denied. In 1991, he filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 in the U.S. District Court for the Northern District of Oklahoma. The district court denied the application, and this court affirmed. *Bias v. Cody*, No. 92-5190, 1993 WL 152654 (10th Cir. May 11, 1993).

In 2012, the Supreme Court held in *Miller v. Alabama*, that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. 460, 479 (2012). And in January 2016, the Supreme Court held that *Miller* announced a new rule of constitutional law to be applied retroactively on collateral review. *Montgomery v. Louisiana*, 136 S. Ct. 718, 734 (2016).

In July 2016, Mr. Bias filed another application for post-conviction relief in Oklahoma state court, claiming that his life sentence "should have a finite term" because "Oklahoma courts have implied that life meant 45 years" under state statute. R. at 64. It appears he did not challenge the constitutionality of his life sentence under *Miller* and *Montgomery*. The state court denied relief, and the OCCA affirmed.

2

On January 12, 2017, Mr. Bias filed a § 2241 petition for a writ of habeas corpus in the U.S. District Court for the Northern District of Oklahoma claiming that his life sentence was "in violation of Due Process and Equal Protection by not being allowed to seek collateral attack against continued incarceration." R. at 98 (emphasis and internal quotation marks omitted). He asserted that "State Legislation, State Law and District Court's rulings have established a precedent" that he had discharged his life sentence, and he asked the court to modify his sentence "to a determinate forty-five (45) year sentence." *Id.* (internal quotation marks omitted). The district court dismissed the petition for failure to exhaust administrative remedies. Mr. Bias then pursued administrative relief.

On November 2, 2017, Mr. Bias filed the § 2241 habeas petition underlying this appeal. In Ground One, citing *Miller*, he claimed that his life sentence violated the Eighth and Fourteenth Amendments. In Ground Two, he alleged that he was being held unlawfully because he had discharged his life sentence under Oklahoma state statutes and court decisions. The district court dismissed the § 2241 petition for lack of jurisdiction. The court concluded that Ground One, which challenged the constitutionality of Mr. Bias's life sentence, was an unauthorized second or successive § 2254 habeas claim. The court concluded that Ground Two, which alleged a violation of state law, was not a cognizable federal habeas claim. Mr. Bias seeks a COA to appeal these determinations.

## II.

"Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a

3

conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted). "[A] state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever 'the detention complained of arises out of process issued by a State court.'" *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (quoting 28 U.S.C. § 2253(c)(1)(A)) (alteration omitted).

If the petition was disposed of on procedural grounds, "the applicant faces a double hurdle" to obtain a COA. *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). "Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurist of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (alteration omitted). "Each component of [this showing] is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 485. The procedural issue is often more apparent, *see id.*, but we need not decide it first if "a quick look at the face of the [petition]" reveals that it does not "facially allege the denial of a constitutional right." *Paredes v. Atherton*, 224 F.3d 1160, 1161 (10th Cir. 2000) (internal quotation marks omitted).

Having reviewed the record on appeal, the district court's order and Mr. Bias's combined opening brief and application for a COA, we conclude Mr. Bias is not entitled to a COA. With regard to Ground One, Mr. Bias previously filed a § 2254 application,

4

which was adjudicated on the merits, and he did not obtain prior authorization from this court before filing his claim challenging the validity of his life sentence under *Miller*. *See* 28 U.S.C. § 2244(b)(2) and (b)(3). It is not debatable that the district court correctly dismissed Ground One as an unauthorized second or successive § 2254 claim. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until this court has granted the required authorization."). As to Ground Two, we need not reach the jurisdictional issue as framed by the district court because our quick look at Mr. Bias's § 2241 petition confirms that he alleged only a violation of state law—that he had discharged his life sentence and his continued detention violated Oklahoma statues and court decisions. Because he did not allege the denial of a constitutional right in Ground Two, Mr. Bias is not entitled to a COA. *See Montez*, 208 F.3d at 865 (holding that state law violations are not cognizable in a federal habeas action).

### III.

For the foregoing reasons, we deny Mr. Bias's application for a COA and dismiss this matter.

Entered for the Court

Jerome A. Holmes
Circuit Judge

5